**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3242
_____

ATIYA WAHAB,
                    Appellant

v.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION;
STEVEN MAYBURY; GWEN ZERVAS; PAM LYONS;
DEBORAH FIGUEROA; STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-12-cv-06613)
District Judge: Honorable Zahid N. Quraishi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2023

Before:  SHWARTZ, CHUNG, and McKEE, *Circuit Judges*

(Opinion filed December 13, 2023)

_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Atiya Wahab appeals the District Court's grant of Defendants' motions for summary judgment[1] on her claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination.[2] To prove both a prima facie case of discrimination and retaliation under Title VII, a plaintiff must establish that she suffered an adverse employment action.[3]

In its well-reasoned and thorough opinion, the District Court explained why Wahab is not entitled to relief and why Defendants were entitled to judgment as a matter of law. We will affirm the District Court's rulings substantially for the reasons set forth

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[2] "Under the NJLAD and Title VII, the analysis is essentially the same." *Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 282 n.13 (3d Cir. 2001). Accordingly, we focus our discussion on Title VII, but our conclusions apply equally to Wahab's claims under Title VII and the NJLAD. *See id.*

[3] *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (including an adverse employment action as a required element of a Title VII prima facie case of discrimination); *Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021) (including an adverse employment action as a required element of a Title VII prima facie case of retaliation).

2

in the Court's opinion.[4,5] We will affirm the District Court's grant of Defendants'

motions for summary judgment.[6]

---

[4] *Wahab v. Dep't of Env't Prot.*, Civ. No. 12-6613, 2022 WL 16552860, at *5–9 (D.N.J. Oct. 31, 2022).

[5] While an "adverse employment action" is a required element to prove both discrimination and retaliation, the phrase is context dependent. To establish a discrimination claim based on disparate impact, "[w]e have described an adverse employment action 'as an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)). Whereas for a retaliation claim, an adverse employment action "in this context [is one that] well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Wahab rightfully contends that the District Court conflated these two standards when analyzing her retaliation claims. Nevertheless, Wahab's retaliation claims fail even under the proper standard because she did not establish that Defendants engaged in any action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks omitted). *nu*

[6] Wahab also challenges the District Court's denial of her appeal of the Magistrate Judge's March 24, 2022 Order. However, after Wahab filed her notice of appeal to this Court, the District Court vacated the Magistrate Judge's March 24, 2022 Order in the present action. *See Wahab v. State of New Jersey et al.*, Civ. No. 18-06067, Dkt. No. 32, at 5 (District Court order vacating Magistrate Judge's March 24, 2022 order and directing Plaintiff "to renew her applications, consistent with this Opinion, to the Magistrate Judge for attorney's fees and costs in each of her cases"); *see also id.*, Dkt. No. 34, at 1, 6–7 (motion for reconsideration filed by Wahab acknowledging that the District Court vacated the March 24, 2022 Order for both Civ No. 18-06067 and Civ. No. 12-06613 and recognizing the potential impact on the appeal to this Court). Thus, this portion of the appeal is moot because the March 24, 2022 Order has been vacated and we can no longer grant the requested relief. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").